NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN WAYNE COFFEY, | No. 19-55916 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-03688-DMG-PLA |
| v. | |
| MESA AIRLINES, INC.; MESA AIR GROUP, INC., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 6, 2020**
Pasadena, California

Before: PAEZ and BADE, Circuit Judges, and MELGREN,*** District Judge.

Appellant Marvin Coffey, an airline pilot, sued his former employer, Mesa

Airlines, Inc. ("Mesa"), and its parent company, Mesa Air Group, Inc.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eric F. Melgren, United States District Judge for the District of Kansas, sitting by designation.

(collectively, "Defendants"), for racial and disability discrimination under various federal and state statutes after he was terminated. The district court dismissed the case because it determined it could not exercise specific personal jurisdiction over Defendants.[1] The district court also struck a portion of Coffey's declaration alleging Defendants contracted with vendors to provide support services at California airports. Reviewing de novo the court's personal jurisdiction determination, *Freestream Aircraft (Bermuda) Ltd. v. Aero Law Grp.*, 905 F.3d 597, 602 (9th Cir. 2018), and for abuse of discretion its evidentiary ruling, *Valdivia v. Schwarzenegger*, 599 F.3d 984, 993 (9th Cir. 2010), we affirm.

**1.** Coffey failed to satisfy the three-prong test to show that Defendants had "certain minimum contacts" with California to justify the court's exercise of specific personal jurisdiction. *See Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Coffey did not show Defendants "purposefully direct[ed]" their activities at California or "purposefully avail[ed]" themselves of its laws and benefits. *See Schwarzenneger*, 374 F.3d at 802. Coffey contends Defendants directed their activities at California because it held employment recruiting events there, but he readily admits in his declaration that Mesa did not recruit *him* in California.

---

[1] The district court also determined it lacked general personal jurisdiction over Defendants, but Coffey expressly waived this issue on appeal.

2

Further, we are not persuaded Defendants "purposefully avail[ed]" themselves of the "privilege of conducting activities in [California], thereby invoking the benefits and protections of its laws." *See Schwarzenegger*, 374 F.3d at 802. Mere employment of a citizen from the forum state does not satisfy this factor. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). Neither does Mesa's offer of free air travel to and from Coffey's California home to the city in which he began and ended his work shifts. *Id.* at 1213. Last, Defendants' litigation history in California courts predated Coffey's employment and was unrelated to Coffey's instant action. *See Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987) (explaining minimum contacts are assessed "at the time of the events underlying the dispute").

Even if Coffey satisfied the purposeful direction or purposeful availment test, he falls short on the second prong because he does not show the controversy relates to or arises out of Defendants' purported contacts with California. *See Schwarzenegger*, 374 F.3d at 802. The contacts Coffey alleged have no "direct nexus" to Coffey's claim that he was discriminated against on the basis of his race or disability. *See In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 742 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). As the district court reasoned, Coffey would have been terminated regardless of those contacts.

Because Coffey fails to satisfy either of the first two prongs, we need not address the third prong—reasonableness. *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

**2.** We reject Coffey's argument that the district court erred in its evidentiary ruling because he fails to show that the purported error "more probably than not[] . . . tainted the outcome." *Valdivia*, 599 F.3d at 993. The paragraph the court struck from his declaration—which alleged Defendants contracted with vendors to provide support services at California airports—does not relate to his termination or other conduct that gave rise to his cause of action. Thus, that fact is irrelevant to specific personal jurisdiction as it relates to Coffey's legal claims.

**AFFIRMED.**